UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOTHMAN MISANE, TYLER
SLEEP and JEROL WILLIAMS,

          Plaintiffs,                  Case No. 1:21-cv-00487

-vs-                                 Hon. Hala Y. Jarbou

CITY OF BANGOR, TOMMY
SIMPSON, MAYOR DARREN
WILLIAMS and SCOTT GRAHAM,

          Defendants.

| JONATHAN R. MARKO (P72450) | JOHN J. GILLOOLY (P41948) |
|---|---|
| **MARKO LAW, PLLC** | **GARAN LUCOW MILLER, P.C.** |
| Attorney for Plaintiffs | Attorney for Defendants |
| 1300 Broadway Street, Fifth Street | 1155 Brewery Park Blvd., Suite 200 |
| Detroit, MI  48226 | Detroit, MI  48207-2641 |
| P: (313) 777-7529 / F: (313) 771-5785 | P: (313) 446-5501 / F: (313) 259-0450 |
| jon@markolaw.com | jgillooly@garanlucow.com |

## **PLAINTIFF'S MOTION FOR FED. R. CIV. P. 54(b) CERTIFICATION**

    NOW COME Plaintiffs, by and through their attorneys, and ask this Court to GRANT their Motion for Certificate of Appealability pursuant to Fed. R. Civ. P. 54(b).  As explained in detail in the attached brief in support, this case presents an extraordinary circumstance where Rule 54(b) certification would be in the interest of justice and judicial economy.

    WHEREFORE, Plaintiffs respectfully request that this Honorable Court GRANT this Motion and certify as final and immediately appealable the Court's April 10, 2020

MARKO LAW.COM

1300 BROADWAY ST | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

1

Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary

Judgment.

Respectfully submitted,


/s/ Caitlin E. Malhiot
Caitlin E. Malhiot (P76606)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: cait@markolaw.com

2

UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOTHMAN MISANE, TYLER
SLEEP and JEROL WILLIAMS,

    Plaintiffs,        Case No. 1:21-cv-00487

-vs-             Hon. Hala Y. Jarbou

CITY OF BANGOR, TOMMY
SIMPSON, MAYOR DARREN
WILLIAMS and SCOTT GRAHAM,

    Defendants.

| | |
|---|---|
| JONATHAN R. MARKO (P72450) | JOHN J. GILLOOLY (P41948) |
| **MARKO LAW, PLLC** | **GARAN LUCOW MILLER, P.C.** |
| Attorney for Plaintiffs | Attorney for Defendants |
| 1300 Broadway Street, Fifth Street | 1155 Brewery Park Blvd., Suite 200 |
| Detroit, MI  48226 | Detroit, MI  48207-2641 |
| P: (313) 777-7529 / F: (313) 771-5785 | P: (313) 446-5501 / F: (313) 259-0450 |
| jon@markolaw.com | jgillooly@garanlucow.com |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FED. R. CIV. P. 54(b)**

**CERTIFICATION**

1

## <u>TABLE OF CONTENTS</u>

Index of Authorities.................................................................................................ii.

Statement of Issues Presented ...........................................................................iii.

Most Controlling Authorities ..............................................................................iv.

Facts.......................................................................................................................1

Legal Arguments .................................................................................................2

     I.     Entry of a Final Judgement is Appropriate .................................................3

     II.    There is No Just Reason to Delay Appellate Review ..............................4

     A.  The Relationship Between the Remaining Claims and
          The Dismissed Claims Weighs In Favor Of Rule 54(b)
          Certification ...........................................................................5

     B.  Rube 54(b) Certification Serves to Advance Interests
          in Judicial Economy And Equity To The Parties ..............................7

     C.  This Is an Extraordinary Circumstance Where RULE
          54(b) Certification Will Drastically Increase The \
          Likelihood Of Resolution By Settlement ...........................................5

Conclusion .........................................................................................................10

MARKO.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

## <u>INDEX OF AUTHORITIES</u>

<u>**Cases**</u>

*Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir.1963)...11

*CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir.1961)................ 11

*Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980)........................................3

*Daleure v. Commonwealth of Kentucky,* 269 F.3d 540 (6th Cir. 2001) ........................ 12

*Gen. Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1027, 1030 (6th Cir. 1994).….3

*GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir.2004)………………… 10, 12, 14

*Corrosioneering, Inc. v. Thyssen Envitl. Syst., Inc.,* 807 F.2d 1279, 1282 (6th Cir. 1986)..12

*Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997) ........................................... 10

*Gottesman v. GM Corp.*, 401 F.2d 510, 512 (2d Cir.1968) ........................................... 11

*Gregory v. City of Louisville,* 444 F.3d 725, 733 (6th Cir. 2006)………………… 10, 15

*Hunt v. Mobil Oil Corp.*, 550 F.2d 68, 69 (2nd Cir.1977)…………………………… 13, 15

*Knafel v. Pepsi Cola Bottlers of Akron, Inc.,* 850 F.2d 1155, 1159 (6th Cir. 1988);......10

*Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820-21 (6th Cir. 2005)………. 10, 14, 16, 17

*Marcilis v. Redford Twp.,* No. 09-11624, 2011 WL 284466, at *3 (E.D. Mich. Jan. 25, 2011)……………………………………………………………………………….4, 5, 6, 7, 8

*McIntyre v. First Nat'l Bank*, 585 F.2d 190, 192 (6th Cir.1978).................................... 11

*Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)......................................... 10

*Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 61-62 (6th Cir. 1986)............................. 12

*Wood v. GCC Bend, LLC*, 422 F.3d 873, 880–82 (9th Cir.2005) ................................. 14

<u>**Federal Court Rules**</u>

MARKOLAW.COM

1300 BROADWAY ST | 5TH FLOOR
DETROIT, MI 48226

P. (313) 777-7LAW
F. (313) 771-5785

ⓂMARKO LAW

Fed. R. Civ. P. 54(b)…………………………………………….. iii, iv, 1, 2, 3, 4, 5, 6

**Statutes**

42 U.S.C. §1983…………………………………………………11, 13

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

## <u>STATEMENT OF ISSUE PRESENTED</u>

I.   Should this Court, pursuant to Fed. R. Civ. P. 54(b) certify as final and immediately appealable the Court's April 10, 2023 Opinion and Order on Defendants' Motions for Summary Judgment?

Plaintiff says:          Yes

Defendants say:          No

## <u>MOST CONTROLLING AUTHORITIES</u>

- Fed. R. Civ. P. 54(b)

- *Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980)

- *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027, 1030 (6th Cir. 1994)

- *Marcilis v. Redford Twp*., No. 09-11624, 2011 WL 284466, at *3 (E.D. Mich. Jan. 25, 2011)

**This Court should grant plaintiff's motion and certify as final and immediately appealable its April 10, 2023 opinion and order (ECF No. 110 and 111) on Defendants' Motions for Summary Judgment.**

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

**FACTS**

This case arises out of the illegal mistreatment of Plaintiffs Hothman Misane, Jerol Williams, and Tyler Sleep during their employment as police officers for the City of Bangor. During their tenure with the Bangor Police Department Defendant Tommy Simpson worked as the City Manager and Chief of Police at certain times, with supervisory authority for all three Plaintiffs throughout their employment. Simpson subjected the Plaintiffs, particularly Misane, to horrific sexual harassment and created an unquestionably hostile work environment on the basis of sex. He also subjected Williams, an African American man, to racial discrimination and harassment. Although Plaintiffs loved serving the City of Bangor, their work there was unjustly ended because of the inappropriate actions and inactions of Defendants. Misane was demoted and then fired after rejecting Simpson's sexual advances. Williams and Sleep were subjected to various adverse actions before being constructively discharged when the City refused to take any action to protect them from further harassment.

Plaintiffs filed this lawsuit in 2021 alleging eleven different but related counts against Defendants City of Bangor, Tommy Simpson, Scott Graham, and Darren Williams. (ECF No. 20). The counts included claims under Federal and Michigan law for hostile work environment on the basis of sex, retaliation, and, for Plaintiff Williams, racial discrimination. (ECF No. 20). Defendants filed Motions for Summary Judgment asking for all claims to be dismissed. (ECF No. 52, 54, and 57). Plaintiffs filed timely responses to each Motion and Defendants filed respective replies. (ECF No. 60, 61, 62, 63, 64, and 65).

1

On April 10, 2020, this Court entered its Opinion and Order on the Motions, dismissing the majority of the case.  (ECF No. 110 and 111).  After the Court's Order, the only counts remaining are Counts III and IV against Defendant Williams as they relate to Plaintiff Misane and Counts III, IV, and X against the City of Bangor as they relate to Plaintiff Misane.  (ECF No. 110 and 111).  Defendants Simpson and Graham were dismissed from the case, as were all claims on behalf of Plaintiffs Williams and Sleep. (ECF No. 110 and 111).

This case is scheduled to proceed to trial on May 8, 2023.  (ECF 51).  Plaintiffs will be filing an appeal of this Court's Opinion and Order when permissible.  The issues that would be addressed on appeal are intrinsically related to the claims that remain in the case.  It is in the best interest of all parties and the interests of justice to have all the claims adjudicated together.

## **LEGAL ARGUMENTS**

Fed. R. Civ. P. 54(b) states in relevant part as follows:

> [w]hen an action presents more than one claim for relief….or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Id*. (citations omitted). Thus, by its terms, Rule 54(b) imparts this Court with discretionary authority to certify its orders granting summary judgment for interlocutory appeal prior to the ultimate disposition of the instant case. *See Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820-21 (6th Cir. 2005); *Gregory v. City of Louisville,* 444 F.3d 725, 733 (6th Cir. 2006); *Good v. Ohio Edison Co*., 104 F.3d 93, 95 (6th Cir. 1997).

2

Rule 54(b) certification is appropriate where (1) there is a final judgment as to one or more, but fewer than all, claims and / or parties; and (2) there is no just reason to delay Circuit Court appealability. *See E.g. Curtiss-Wright Corp. v. Gen. Elec. Co.,* 446 U.S. 1, 7 (1980); *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027, 1030 (6th Cir. 1994). "[Rule 54(b)] is intended to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Good*, *supra*.

If this Court enters Rule 54(b) certification, the Court should include and explain in its Order "the factors warranting certification." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.,* 850 F.2d 1155, 1159 (6th Cir. 1988); *GenCorp, Inc.*, 23 F.3d at 1026.

## I.      ENTRY OF A FINAL JUDGMENT IS APPROPRIATE.

This Court may enter as a "final judgment" its decisions that ultimately dispose of one or more, but fewer than all, of the claims or parties in a case. *Curtis-Wright Corp.,* 446 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). When determining if multiple claims have been asserted by the parties, this Circuit has defined a single claim for purposes of Rule 54(b) certification as "the aggregate of operative facts which give rise to a right enforceable in the courts." *McIntyre v. First Nat'l Bank*, 585 F.2d 190, 192 (6th Cir.1978) (citing *Backus Plywood Corp. v. Commercial Decal, Inc.*, 317 F.2d 339, 341 (2d Cir.1963); *Gottesman v. GM Corp.*, 401 F.2d 510, 512 (2d Cir.1968) (applying "operative facts" test to determine whether multiple claims were present); *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir.1961) (same).

3

But this Court need not determine if Plaintiff asserts multiple claims because Rule 54(b) permits entry of a final judgment as to decisions disposing of either *multiple parties* or multiple claims. Clearly, this case involves multiple parties. See *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466, at *3 (E.D. Mich. Jan. 25, 2011) (district court opinion and order granting certification as final order in a 42 U.S.C. §1983 case where some, but not all, parties were dismissed and the remaining parties had filed a Notice of Appeal as of right).

The Court's April 10, 2023 Opinion and Order disposed of both multiple parties and multiple claims. The Opinion and Order ultimately disposed of, and dismissed from the case, Plaintiffs' claims against Defendants Simpson and Graham, and dismissed all claims on behalf of Plaintiffs Williams and Sleep. As a result, it is appropriate for this Court to find that the April 10 Opinion and Order ultimately disposed of these claims and to enter final judgments as to the disposition against these Defendants and on behalf of these Plaintiffs.

## II. THERE IS <u>NO</u> JUST REASON TO DELAY APPELLATE REVIEW.

In assessing whether there is no just reason to delay appeal, this Court should consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtis-Wright Corp.,* 446 U.S. at 7. Ample case law dictates that the following factors - though nonexhaustive - are relevant in the determination of whether no just reason exists to delay appellate review:

4

(1) the relationship between the adjudicated and unadjudicated claims;
(2) the possibility that the need for review might or might not be mooted by future developments in district court;
(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
(4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and
(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*GenCorp, Inc.*, 23 F.3d at 1030 (quoting *Corrosioneering, Inc. v. Thyssen Envitl. Syst., Inc.,* 807 F.2d 1279, 1282 (6th Cir. 1986)). The Court should "weigh and examine the competing factors involved in the certification decision[,]" and "a proper exercise of discretion under [Rule 54(b)] requires the district court to do more than just recite the 54(b) formula of 'no just reason for delay'" *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58, 61-62 (6th Cir. 1986); *Daleure v. Commonwealth of Kentuckey,* 269 F.3d 540 (6th Cir. 2001). Returning to the instant case, there exists no justifiable reason to delay immediate review of the issues contained in the April 10, 2023 Opinion and Order that Plaintiff intends to appeal, and all parties are best served by appellate review of these issues at this time.

**A. The Relationship Between the Remaining Claims And The Dismissed Claims Weighs In Favor Of Rule 54(b) Certification**

As to the first factor, the relationship between the dismissed claims (which Plaintiff cannot appeal by right) and the claims that remain in the case militate towards granting certification. The circumstances in this case are analogous to those in *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466, at *3 (E.D. Mich. Jan. 25, 2011) (Exhibit 1). In

5

*Marcilis*, the district court granted summary judgment to some, but not all, claims arising out of 42 U.S.C. §1983. *Id.* Similarly, in this case, the Court granted summary judgment to some, but not all, claims arising out of Title VII and the Elliott-Larsen Civil Rights Act. The district court in *Marcilis* granted the plaintiff's motion to certify as final the dismissal of the other defendants and, in going through the above factors, reasoned:

> First, proceeding forward with a trial on Plaintiff's only remaining claim—failure to knock and announce—does not raise the possibility that appellate review of Plaintiffs' issues at this juncture will be mooted by future developments in this Court. Additionally, judicial economy is best served by immediate appeal, rather than going to trial on Plaintiffs' one remaining claim and then appealing the outcome of that trial and the issues presented in the instant motion to only have a second trial that involves the same parties, witnesses, and exhibits on the five claims that the Court granted summary judgment to in favor of Defendants. *Hunt v. Mobil Oil Corp.*, 550 F.2d 68, 69 (2nd Cir.1977) (noting that Rule 54(b) certification is appropriate when a duplicative lengthy trial may be avoided) Second, this is not a case where there are any claims or counterclaims that could result in a set-off against a final judgment.

> Furthermore, this case is exceptional with respect to the relationship between the adjudicated and unadjudicated claims. Although an interrelationship of the adjudicated and unadjudicated claims weighs against certification under Rule 54(b), see *Gen. Acquisition*, 23 F.3d at 1028, *Wood v. GCC Bend, LLC*, 422 F.3d 873, 880–82 (9th Cir.2005), here, the Court still finds that it should certify Plaintiffs' issues for appeal. In *Wood*, the Ninth Circuit reversed the district court's Rule 54(b) certification because the "practical effect of certifying the constructive discharge issues in [the case would] deconstruct [the plaintiff's] age discrimination action so as to allow piecemeal appeals with respect to the same set of facts." *Wood*, 422 F.3d at 880. Contrary to *Wood*, this case involves multiple parties, as opposed to a single claim and a single party, and it is exceptional because Defendants are already seeking appellate review on the denial of qualified immunity with respect to Plaintiffs' failure to knock and announce claim. Thus, since the Court of Appeals will be reviewing this case's set of facts during Defendants' appeal, judicially economy is only further served by certifying Plaintiffs' issues for appeal.

6

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

Ⓜ MARKO LAW

If, instead, the Court were to deny Plaintiffs' instant motion under Rule 54(b), the Court of Appeals may have to revisit the same set of facts after the end of a trial on Plaintiffs' failure to knock and announce claim. Permitting, Plaintiffs' appellate review now may eliminate this possibility if the Court of Appeals reviews the Court's November 18, 2010, opinion and order in its entirety, rather than just Defendants' issue with being denied qualified immunity as to Plaintiffs' failure to knock and announce claim. See *Lowery*, 426 F.3d at 823 (noting that "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal," which weighs against Rule 54(b) certification).

Furthermore, none of the cases cited by the parties, nor any located by the Court through its review, indicate a similar set of facts, which further showcases the exceptional circumstances of this case and justifies why Rule 54(b) certification is proper despite the fact that the adjudicated and unadjudicated claims are based upon the same set of facts. In sum, the Court finds, based upon the needs of the parties, that allowing the interlocutory appeal of Plaintiffs' issues outweighs the efficiency of an appeal at the conclusion of a trial on Plaintiffs' failure to knock and announce claim. See *GenCorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir.2004) (noting that the district court must "determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety") (citation omitted). [*Marcilis* at *4–5.]

*Marcilis* is squarely on-point here, and this Court should likewise certify its April 10 Order dismissing Plaintiffs' claims against Defendants Simpson and Graham, on behalf of Plaintiffs Williams and Sleep, and several of Plaintiff Misane's claims against the remaining Defendants, as a final order appealable as of right.

**B.  Rule 54(b) Certification Serves to Advance Interests in Judicial Economy And Equity To The Parties**

Turning now to the second and third factors, assessment of these factors as well as underlying interests in judicial economy and equity to **all** parties weigh heavily in favor of Rule 54(b) certification. If the Court is to deny the instant motion, interests in judicial economy are not advanced because there is no possibility that the issues on which Plaintiff

7

presently intends to appeal will be somehow mooted. Regardless of the outcome at trial, Plaintiffs still intend to appeal the Court's April 10 Opinion and Order.

Further, and most importantly, though denying Rule 54(b) certification provides no benefit in terms of judicial economy, should this Court certify interlocutory appeal, interests in judicial economy and equity to the parties will be advanced. Ample case law dictates that limiting the possibility of duplicitous trials, thereby advancing interest in judicial economy, should be sought when assessing whether a district court should certify under Rule 54(b). *See e.g. Gregory v. City of Louisville,* 444 F.3d 725, 737 (6th Cir. 2006); *Hunt v. Mobil Oil Corp.,* 550 F.2d 68, 69 (2nd Cir. 1977) (holding that where lengthy duplicitous trial may be avoided, 54(b) certification is appropriate).  In fact, this very Court has recognized that Rule 54(b) certification is proper to avoid duplicitous trials. *Marcilis. v. Redford Township et al.*, unpublished opinion of the U.S. District Court, Eastern District of Michigan, Case No. 09-CV-11624, issued Jan. 25, 2011 (attached hereto as Exhibit 1).

Moreover, this is not a case where certification will lead to piecemeal appeals involving the same set of operative facts; in fact, the opposite is true, where granting certification will allow the Circuit Court to address the issues in one packet. Thus, there is no danger of piecemeal appeals by granting Rule 54(b) certification in this matter.  Plaintiffs **will** appeal this Court's granting of summary judgment on the dismissed claims and parties.  The only distinction to be had by granting certification is the timing of Plaintiffs' appeal and as explained above, judicial interest and equity to the parties heavily favor allowing Plaintiffs' appeal at this time.

The fourth factor is not at issue in this case since there is no claim or counterclaim which could result in set-off against the judgment sought to be made final.

## C. This Is an Extraordinary Circumstance Where RULE 54(b) Certification Will Drastically Increase The Likelihood Of Resolution By Settlement

Most notably, this Court should recognize the true practical reality that this case presents an exceptional and unique circumstance because appellate review of the issues, against and on behalf of parties that have been dismissed, will very likely facilitate settlement absent any trial. Plaintiffs intend to appeal the April 10 Opinion and Order regardless of certification at this stage. Taking the appeal now, as opposed to years later, will assist *all* parties with resolution, including the likelihood of settlement. In *Lowery*, the Court held that "[t]he prospect that appellate resolution could facilitate settlement of the remaining claims is a relevant consideration that may be weighted against the possibility that the same issues might be presented in a subsequent appeal." *Lowery*, 446 U.S. at 8 n.2. Knowing that Plaintiffs intend to pursue an appeal on behalf of two of the three Plaintiffs and several of the dismissed claims, it is unlikely that the parties will be able to reach a settlement as the case is presently postured. If this Court is to certify the Rule 54(b) appeal, the possibility of reaching a settlement in global resolution of this case will dramatically increase.

9

## **Conclusion**

Because the Court's dismissal of two Plaintiffs and two Defendants through this Court's April 10, 2023, order, and the dismissal of the majority of claims relating to the remaining parties, there is no just reason for delay and Plaintiffs respectfully request that this Court grant the instant motion.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court GRANT this motion and certify as final and immediately appealable the Court's April 10, 2023, Opinion and Order Granting in Part and Denying in Part Defendants' Motions for Summary Judgment. (ECF No. 110 and 111).

Respectfully Submitted,

*/s/ Caitlin E. Malhiot*
Caitlin E. Malhiot (P76606)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: cait@markolaw.com

Dated:  April 13, 2023

### **PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **April 13, 2023**, via:

☐ U.S. Mail　　　　☐ Fax
☐ Hand Delivered　☐ Overnight Carrier
☐ Certified Mail　　☐ Other:  Mi-FILE Truefiling
☒ ECF System　　　☐ Email

*/s/ Devynn S. Stepowski*

10