UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOTHMAN MISANE, et al.,

       Plaintiffs,

                                          Case No. 1:21-cv-487

v.

                                          Hon. Hala Y. Jarbou

CITY OF BANGOR, et al.,

       Defendants.

_____/

## **OPINION**

Plaintiffs Hothman Misane, Tyler Sleep, and Jerol Williams filed a complaint alleging eleven different but related counts against Defendants Tommy Simpson, Scott Graham, Darren Williams, and the City of Bangor.  Defendants filed motions for summary judgment (ECF Nos. 52, 54, 56).  On April 10, 2023, this Court entered an Opinion (ECF No. 110) and Order (ECF No. 111) regarding Defendants' motions.  In accordance with the Opinion and Order, Counts III and IV remain against Williams as they relate to Misane, and Counts III, IV, and X remain against the City also as they relate to Misane.  Simpson and Graham were dismissed as Defendants in this case.  Before the Court is Plaintiffs' motion for certification under Rule 54(b) of the Federal Rules of Civil Procedure (ECF No. 115).

### **I. LEGAL STANDARD**

Pursuant to Rule 54(b),

> [w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for the delay.

Fed. R. Civ. P. 54(b).

## II. ANALYSIS

Rule 54(b) allows a district court to certify a partial grant of summary judgment for immediate appeal.  "'Proper certification under Rule 54(b) is a two-step process.'"  *Green v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 500 (6th Cir. 2012)).

> First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case.  Second, the district court must expressly determine that there is no just reason to delay appellate review.

*Id.* (internal citation and quotation marks omitted).

Rule 54(b) permits entry of a final judgment as to decisions disposing of either multiple claims *or* multiple parties.  *See Downie v. City of Middleburg Heights*, 301 F.3d 688, 701 (6th Cir. 2002) (Stafford, J., concurring); *Greene v. Crawford Cnty.*, No. 18-11008, 2020 WL 5204121, at *2-3 (E.D. Mich. Sept. 1, 2020).  This case involves multiple parties, and the Court wholly resolved the litigation as to three parties—Tyler Sleep, Jerol Williams, and Tommy Simpson—on summary judgment.

However, there is just reason to delay appellate review of the Court's Opinion and Order. The Sixth Circuit has identified several factors that district courts should consider when deciding whether there is a just reason for delay:

> (1) the relationship between the adjudicated and the unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 427 (6th Cir. 2021) (quoting *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 638 F. App'x 489, 494 (6th Cir. 2016)); *see also Planned*

*Parenthood*, 696 F.3d at 503.  In making this determination, the Court must "balance the needs of the parties against the interests of efficient case management."  *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994).

The relationship between the adjudicated and unadjudicated claims weighs against certification.  Plaintiffs bring claims under various federal and state statutes including Title VII of the Civil Rights Act of 1964, the Elliot-Larsen Civil Rights Act, and the Whistleblowers Protection Act.  Although pled separately and under different statutes, each of these claims substantively considers whether Plaintiffs were subject to a hostile work environment, disparate treatment, or retaliation in the workplace.  Misane's retaliation claims remain.  These retaliation claims share the same factual basis as his hostile work environment and disparate treatment claims.  Moreover, although the claims by Sleep and Jerol were dismissed at the summary judgment stage, their claims share many of the same facts, actors, and allegations as Misane's claims.  Indeed, Plaintiffs pled their claims altogether in one complaint, and they recognize that the adjudicated and unadjudicated claims are interrelated.  (*See* Pls.' Mot. for Rule 54(b) Cert., ECF No. 115, PageID.3616-3617 ("Plaintiffs filed this lawsuit in 2021 alleging eleven different but related counts against Defendants . . . . The issues that would be addressed on appeal are intrinsically related to the claims that remain in the case.").)  Such a commonality in operative facts underlying the claims militates *against* immediate appellate review.  *See Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 823 (6th Cir. 2005); *Gen. Acquisition*, 23 F.3d at 1028.

Despite this, Plaintiffs argue that *Marcilis v. Redford Twp.*, No. 09-11624, 2011 WL 284466 (E.D. Mich. Jan. 25, 2011) is on-point and weighs in favor of certification.  In *Marcilis*, Judge Zatkoff of the Eastern District granted summary judgment in favor of the defendants on their claims of excessive force, unreasonable search and seizure, malicious prosecution, First

Amendment retaliation, and municipal liability.  *Id.* at *2.  Only one claim remained: the failure

to knock and announce.  *Id.*  Judge Zatkoff recognized that "an interrelationship of the adjudicated

and unadjudicated claims weighs against certification under Rule 54(b)," but explained that the

case is "exceptional" because the defendants had already appealed the denial of qualified immunity

with respect to the knock and announce claim.  *Id.* at *4.  Here, the Court's Opinion and Order on

summary judgment did not deny qualified immunity to the individual Defendants, and there is no

pending interlocutory appeal.  Accordingly, *Marcilis* is not squarely on point.  Rather, the

relationship between the adjudicated and unadjudicated claims weighs against certification.

The second and third factors cut both ways.  With respect to the second factor, Plaintiffs

have already indicated that they will appeal the Court's grant of summary judgment on the

dismissed claims and parties.  (Pls.' Mot. for Rule 54(b) Cert., PageID.3623.)  Thus, the need for

Sixth Circuit review likely will not be mooted by proceeding to trial on the remaining claims.

However, the third factor weighs against certification because an interlocutory appeal at

this stage will virtually guarantee multiple appeals.  Assuming the Court's Opinion and Order are

certified as final and Plaintiffs appeal now, the case must eventually proceed to trial on Counts III,

IV, and X as they relate to Misane, Williams, and the City—irrespective of the Sixth Circuit's

decision.  And regardless of the outcome of that trial, the non-prevailing party or parties will likely

appeal and require the Sixth Circuit to review the same set of facts again.  Contrary to Plaintiffs'

assertion, the Sixth Circuit could not "address the issues in one packet" through certification now

because Plaintiffs "will [only] appeal th[e] Court's grant of summary judgment on the dismissed

claims and parties."  (Pls.' Mot. for Rule 54(b) Cert., PageID.3623.)  Their intended appeal does

*not* include Counts III, IV, and X as they relate to Misane, Williams, and the City.

On the other hand, assuming the case proceeds to trial now, the jury will return a verdict, and the Court will enter a final judgment.  At that time, Plaintiffs or Defendants may appeal some or all of the rulings in the Court's Opinion and Order on summary judgment as well as any issues raised during the trial on the remaining claims.  If the Sixth Circuit affirms, then the possibility of a second trial *and* second appeal are eliminated.  The Court "must take into account judicial administrative interests" to ensure that the "application of [Rule 54(b)] effectively 'preserves the historical federal policy against piecemeal appeals.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).  This third factor weighs against certification.

Finally, with respect to the fifth factor, Plaintiffs argue that that certification will increase the likelihood of resolution via settlement, citing *Lowery*.  The Sixth Circuit in *Lowery* recognized that "[t]he prospect that appellate resolution could facilitate settlement of the remaining claims is a relevant consideration that may be weighed against the possibility that the same issues might be presented in a subsequent appeal." *Lowery*, 426 F.3d at 823 (citing *Curtiss-Wright*, 446 U.S. at 8 n.2).  But the Sixth Circuit went on to explain that this "does not mean [] that Rule 54(b) certification may be used as a vehicle to leverage a settlement without regard to the undesirability of piecemeal appeals." *Id.*  The Court ultimately found that the district court abused its discretion in granting the plaintiff's motion for certification under Rule 54(b), in part, because the district court attempted to "induce settlement" rather than taking "an interest in judicial administration." *Id.*  Here, the interests of judicial economy outweigh the prospect of settlement.

"Rule 54(b) should not be used routinely, but rather should be reserved for the infrequent harsh case where certification serves the interests of justice and judicial administration." *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988) (internal citations and

quotation marks omitted); *see also Curtiss-Wright*, 446 U.S. at 10 ("Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."). This is not the infrequent harsh case that warrants certification. Rather, there is just reason to delay appellate review.

### III. CONCLUSION

Because there is just reason to delay appellate review, the Court will deny Plaintiffs' motion for certification under Rule 54(b) (ECF No. 115). An order will enter consistent with this opinion.

Dated: April 20, 2023            /s/ Hala Y. Jarbou
                                         HALA Y. JARBOU
                                         CHIEF UNITED STATES DISTRICT JUDGE