UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

HOTHMAN MISANE, ~~TYLER SLEEP~~ and ~~JEROL WILLIAMS~~,

    Plaintiffs,

v.

CITY OF BANGOR, ~~TOMMY SIMPSON~~,
MAYOR DARREN WILLIAMS and ~~SCOTT GRAHAM~~,

    Defendants.

Case No 21-487
Judge Hala Y. Jarbou
Magistrate Judge Ray Kent

Jonathan R. Marko (P72450)
Caitlin E. Malhiot (P76606)
Kirstina R. Magyari (P82775)
MARKO LAW, PLLC
Attorneys for Plaintiffs
1300 Broadway Street, Fifth Floor
Detroit, MI  48226
313.777.7529 / 313.771.5785 (fax)
jon@markolaw.com
kirstie@markolaw.com
cmalhiot@markolaw.com

~~Michael S. Bogren (P34835)~~
~~Charles L. Bogren (P82824)~~
~~PLUNKETT COONEY~~
~~Attorney for Tommy Simpson~~
~~333 Bridge Street, NW, Suite 530~~
~~Grand Rapids, MI  49504~~
~~269.226.8820 / 269.382.2506 (fax)~~
~~mbogren@plunkettcooney.com~~

John J. Gillooly (P41948)
Kathleen M. Jozwiak (P79921)
GARAN LUCOW MILLER, P.C.
Attorneys for City of Bangor, Mayor Williams ~~and Scott Graham~~
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501 / 313.259.0450 (fax)
jgillooly@garanlucow.com
kjozwiak@garanlucow.com

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE UNDERLYING ALLEGATIONS IN THE MENDOZA CASE AND BRIEF IN SUPPORT**

1

# **TABLE OF CONTENTS**

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Counterstatement of Material Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Law and Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

## Cases

*Laster v City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014) . . . . . . . . . . . . . 8

*Jackson v Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 344 (6th Cir. 2021) . . . 8, 9

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817,
36 L.Ed.2d 668 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

*Braithwaite v. Timken Co.*, 258 F.3d 488, 493–94 (6th Cir. 2001) . . . . . . . . . . . 9, 11

*Woythal v. Tex–Tenn Corp.*, 112 F.3d 243, 246–47 (6th Cir.1997) . . . . . . . . . . 9, 11, 14

*Whitman v. City of Burton,* 493 Mich 303, 313, 831 N.W.2d 223 (2013) . . . . . . 10

*Wolcott v. Champion Int'l Corp.*, 691 F. Supp. 1052, 1058 (W.D. Mich. 1987) . .10, 12

*Shallal v. Cath. Soc. Servs. of Wayne Cnty.*, 455 Mich. 604, 621, 566 N.W.2d
571, 579 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Hall*, 653 F.2d 1002, 1981 U.S. App. LEXIS 18341,
8 Fed. R. Evid. Serv. (Callaghan) 1342 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . 12, 13

*Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992) . . . . . . . . . . . . . 13

*Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378
(6th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Applewhite v. FCA US LLC*, 603 F Supp 3d 528, 531-532 (ED Mich 2022) . . . . 13

## Federal Rules of Evidence

Federal R. Evid. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal R. Evid. 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Federal R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**COUNTERSTATEMENT OF MATERIAL FACTS**

Defendants, City of Bangor and Darren Williams, present the following counterstatement of material facts in opposition to Plaintiff's Motion in Limine to Exclude Evidence Regarding the Underlying Allegations in the Mendoza Case:

On April 10, 2023, this Court issued an opinion granting in part and denying in part Defendants' Motion for Summary Disposition. [ECF 110] The remaining claims in the case are retaliation for filing a sexual harassment claim under the Elliott Larsen Civil Rights Act (MELCRA) and Title VII and violation of the Whistleblowers Protection Act as to Hothman Misane, only, by the City of Bangor and retaliation for filing a sexual harassment claim under the MELCRA and violation of the Whistleblowers Protection Act as to Hothman Misane, only, by City of Bangor Mayor, Darren Williams.

It is the position of the Defendants that Plaintiff Hothman Misane, then a Sergeant with the Bangor Police Department, was terminated from his position of employment with the City of Bangor on March 12, 2021 for his mishandling of a criminal sexual conduct case. The details, while already known to the Court, are described again below for the record.

**A.  The Mendoza Investigation and Misane's Termination**

In April 2019, Misane was assigned to investigate a criminal sexual conduct case involving suspect Antonio Lee Mendoza and three underage victims. (***Exhibit 1***, p. 23).

On March 5, 2021, Simpson and Sgt. Justin Weber met with the prosecutors in charge of the Mendoza matter and the prosecutors expressed their extreme dissatisfaction with

3

Misane's handling of the case— more specifically, his failure to return calls, his abrupt cancellation of pre-trail strategy meetings and the fact that Misane lost all pertinent evidence to obtain a conviction in the case, including body-cam videos and personal journal entries made by one of the minor victims. (See ***Exhibit 2*** – Scott Graham's Deposition Transcript, pp. 17, 20-24); (See ***Exhibit 3*** – Scott Graham PLLC Memorandum [1]). Shortly thereafter, around March 8, 2021 or March 9, 2021, city attorney Scott Graham ("Graham") was asked to look into Misane's handling of the Mendoza investigation. (***Exhibit 2***, pp. 16-18); (See ***Exhibit 4*** – Darren Williams' Deposition Transcript, pp. 32-33).

The case involving the younger of the victims was ultimately dismissed short of trial due to lack of evidence. (***Exhibit 2***, pp. 20-21); (***Exhibit 3***). Mendoza went to trial on the case involving the older victim and was acquitted of all charges on March 11, 2021. (***Exhibit 3***); (See ***Exhibit 5*** – Mendoza Register of Actions).

The jurors were interviewed after the trial and they explained that the weakness in the prosecution's case was the fact that the Bangor Police Department lost all of the evidence for the matter. (***Exhibit 2***, pp. 21-23); (***Exhibit 3***); (***Exhibit 4***, p. 29). On March 12, 2021 (a day after Mendoza's acquittal), Defendant Williams terminated Misane for his handling of the investigation. (***Exhibit 6***); (***Exhibit 4***, pp. 30, 33).

---

[1] References to sexual harassment investigation have been redacted.

### B.   Testimony and Evidence regarding the Mendoza Case and Plaintiff's Mishandling of Critical Evidence is Key to the Trier of Facts' Understanding of the Reason for Plaintiff Misane's Termination

Plaintiff does not contend that the details of the allegations of criminal sexual conduct in the Mendoza matter or irrelevant. Rather, Plaintiff alleges that the details of the allegations of criminal sexual conduct are "so salacious as to distract from the relevant issue, which is whether Misane was fired in retaliation for having made a complaint of sexual harassment." Plaintiff therefore alleges that the sexual harassment claim he allegedly made was the reason for his termination of employment with the City of Bangor. Defendants have flatly denied Plaintiff's allegation.

The evidence to be presented in this case will establish that Plaintiff Misane was terminated for mishandling critical evidence in a serious criminal sexual conduct case involving three minor children which resulted in the acquittal of an alleged pedophile. The egregious nature of Plaintiff's Misane's lapse in judgment and failure to follow appropriate police procedure in light of the severity of the charges against Defendant Mendoza in the criminal cause of action was the reason for the Plaintiff's ultimate termination.

As stated above, jurors interviewed after the criminal trial which concluded on March 11, 2021, <u>one day before Plaintiff Misane made his sexual harassment complaint</u>, specifically advised that the weakness in the prosecution's case was the fact that the Bangor Police Department lost all of the evidence. The evidence in question, body camera footage of

5

Misane's interviews with the victims and pages from a journal kept by one of the victims that was originally given to Misane, could not be presented to the jury during the trial as a direct result of the actions of Plaintiff Misane. The Court is referred to the memorandum of City Attorney Scott Graham (***Exhibit 3***) which outlines the facts regarding the criminal sexual conduct case lost at trial on March 11, 2021, and the decision to terminate Plaintiff Misane based upon his mishandling of the Mendoza investigation and evidence. [2]

At time of trial, Defendants intend to present evidence regarding the basis for their decision to terminate the Plaintiff from his position of employment which is outlined in the memorandum prepared by City Attorney Scott Graham. This will necessarily involve a discussion of the Mendoza case via testimony of the prosecuting attorneys and the Plaintiff himself along with City Attorney Scott Graham, Mayor Darren Williams and Chief of Police Justin Weber. The Bangor Police Department Incident Report regarding Antonio Mendoza will also be introduced to provide a foundation for the testimony. The evidence will establish that the Defendants did not retaliate against the Plaintiff.

While the Mendoza matter does involve a set of facts that may be uncomfortable for the jury to hear, the actions and inaction of Plaintiff Misane during the course of the investigation of the criminal sexual misconduct case are clearly relevant and material to the decision of the City of Bangor and Defendant Williams to terminate the Plaintiff's employment.

---

[2] The memorandum has been redacted as to claims of sexual harassment.

This is not a case of the Plaintiff mishandling a traffic ticket or for that matter, a more serious criminal investigation into, for example, a robbery. The lives and safety of minor children were involved. The evidence that he mishandled and lost would have been a crucial part of the prosecution's case in a way that is unique to CSC cases because the evidence would help the jury evaluate the credibility of minor witnesses. His dereliction of duty had serious and far-reaching ramifications, not only for the victims, but also to the reputation of the City of Bangor and its police department.

Plaintiff claims that his sexual harassment claim was the reason for his termination. Defendants flatly deny that this is the case and must be permitted to provide all evidence to the trier of fact in the instant cause so that they have a full appreciation of the basis for the decision to terminate Misane. Defendants cannot fully explain the termination decision without referring to the underlying facts in the case because those facts made Misane's actions so serious. To deny the Defendants the ability to fully present the underlying facts and evidence related to their decision to terminate the Plaintiff will result in extreme prejudice and irreparable harm to the Defendants in the defense of the allegations made by the Plaintiff in this case.

## **LAW AND ANALYSIS**

Plaintiff Hoffman Misane was terminated from his position of employment with the City of Bangor on March 12, 2021. Plaintiff has alleged that his termination by the Defendants was in retaliation for his sexual harassment complaint in violation of the provisions of Title VII, the

MELCRA and the Whistleblowers Protection Act.  Defendants flatly deny plaintiff's allegations and contend that the evidence to be presented at time of trial will establish that the Plaintiff was terminated for mishandling the investigation and losing critical evidence in a serious criminal sexual conduct case, thereby demonstrating a legitimate, nondiscriminatory reason for their action.

  **A.**  **Criteria that must be satisfied by both Plaintiff and Defendant in claims for retaliation under Title VII, the Michigan Elliott Larsen Civil Rights Act and the Whistleblower Protection Act.**

In order to establish a prima facie case of retaliation under both Title VII and MELCRA, Plaintiff must show that: (1) he engaged in protected activity; (2) his exercise of such protected activity was known by Defendants; (3) thereafter, Defendants took an action that was "materially adverse" to Plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action. *Laster v City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014); *Jackson v Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 344 (6th Cir. 2021).

Since Plaintiffs are relying on circumstantial evidence to support their claims of retaliation, their claims must be evaluated using the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)

Under *McDonnell Douglas*, if the plaintiff establishes [his] prima facie case <u>then the burden shifts to the [defendants] to demonstrate some 'legitimate, nondiscriminatory reason' for [their] action</u>. If the defendants produce such a reason, the burden shifts back to the plaintiff to show that the proffered reason was a mere pretext for discrimination.  The ultimate

8

burden, however, remains with the plaintiff to convince the factfinder that the defendants retaliated against him for engaging in protected activity. *Jackson*, 999 F.3d at 344 (internal citations omitted)(emphasis added).

The Court in *Braithwaite v. Timken Co.*, 258 F.3d 488, 493–94 (6th Cir. 2001) elaborated on what a plaintiff must produce to establish causation between a protected activity and the materially adverse action:

> [T]he plaintiff must allege more than a dispute over the facts upon which his discharge was based. He must put forth evidence which demonstrates that the employer did not 'honestly believe' in the proffered non-discriminatory reason for its adverse employment action.
>
> In order to determine whether the defendant had an 'honest belief' in the proffered basis for the adverse employment action, this Court looks to whether *the employer can establish its "reasonable reliance" on the particularized facts that were before it at the time the decision was made . . . .*
>
> In deciding whether an employer reasonably relied on the particularized facts then before it, we do not require that the decisional process used by the employer be optimal or that it left no stone unturned. *Rather, the key inquiry is whether the employer made a reasonably informed and considered decision before taking an adverse employment action.*
>
> If there is no material dispute that the employer made a *'reasonably informed and considered decision' that demonstrates an 'honest belief' in the proffered reason for the adverse employment action*, the case should be dismissed since no reasonable juror could find that the employer's adverse employment action was pretextual.

(Internal citations omitted). Plaintiff must produce sufficient evidence from which the jury could "reasonably reject [Defendants'] explanation" and infer that the defendants "intentionally discriminated" against him. *Woythal v. Tex–Tenn Corp.*, 112 F.3d 243, 246–47 (6th Cir.1997).

9

Likewise, in order to establish a prima facie case under the WPA, a plaintiff must show that (1) he was engaged in protected activity as defined by the act, (2) he suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action. *Whitman v. City of Burton,* 493 Mich 303, 313, 831 N.W.2d 223 (2013)

As with Plaintiffs' retaliation claims, a claim under the WPA must be evaluated under a burden-shifting framework:

> Once plaintiff has established a *prima facie* case of retaliation, *the burden shifts to the defendant to articulate some legitimate non-retaliatory reason for its actions*. If defendant is able to articulate a legitimate non-retaliatory reason for its action, plaintiff retains the opportunity to demonstrate that the proffered reasons were a mere pretext for retaliation and thus prevail under the Act.

*Wolcott v. Champion Int'l Corp.*, 691 F. Supp. 1052, 1058 (W.D. Mich. 1987)(Emphasis added). "The primary motivation of an employee pursuing a whistleblower claim must be a desire to inform the public on matters of public concern, and not personal vindictiveness." *Shallal v. Cath. Soc. Servs. of Wayne Cnty.*, 455 Mich. 604, 621, 566 N.W.2d 571, 579 (1997) (internal quotations and citations omitted).

In order for the Defendants to establish a legitimate, non-retaliatory reason for Plaintiff Misane's termination from the City of Bangor Police Department, testimony and evidence regarding the serious criminal sexual misconduct charges against Antonio Mendoza, the investigation conducted by Hoffman Misane, his mishandling and loss of key evidence and his cooperation or lack thereof with the Prosecutor's office, all of which resulted in the ultimate

10

acquittal of Antonia Mendoza, must be deemed admissible in this case. Without the evidence, the Defendants will be unable to establish that they made a "reasonably informed and considered decision" that demonstrates an "honest belief" in the proffered reason for the adverse employment action based upon "reasonable reliance" on the particularized facts that were before it at the time the decision was made. *Woythal, supra. Braithwaite, supra.*

      A key aspect of the termination decision was not only the loss and mishandling of evidence, but the reasons why this was so devastating to the prosecution. The statements by victims that were reflected on the bodycam and in the journal pages should have been available to the prosecution for use under Michigan Rules of Evidence 801 and 803, allowing the introduction of victim statements in a CSC case under the circumstances that existed here and allowing the prosecution to introduce prior inconsistent statements to rebut allegations of fabricated or inaccurate testimony. This type of rebuttal is crucial to the prosecution of a CSC case involving minors because those cases almost always involve witness credibility challenges.

      Moreover, once this critical, relevant evidence is introduced and presented to the trier of fact, the Plaintiff will then have the opportunity to demonstrate that the proffered reasons were a mere pretext for retaliation in his effort to attempt to prevail under Title VII as to Defendant the City of Bangor and the MELCRA and the Whistleblowers Protection Act as to the City and Defendant Darren Williams.

To prevent the Defendants from introducing relevant evidence regarding the Mendoza case and Plaintiff's involvement would result in irreversible prejudice and irreparable harm to the Defendants as they would be denied the ability to establish a legitimate, nondiscriminatory and non-retaliatory reason for their actions in terminating Plaintiff's Misane's employment. *McDonnell Douglas, supra, Wolcott, supra*.

### B. Defendants' position is in accordance with the applicable Federal Rules of Evidence.

Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." These "two distinct requirements" - probativeness and consequence - serve as the foundation for showing relevance. *See* e.g. *United States v. Hall*, 653 F.2d 1002, 1981 U.S. App. LEXIS 18341, 8 Fed. R. Evid. Serv. (Callaghan) 1342[3]

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. "The rules regarding relevancy, however, are quite liberal[.]" *Robinson v. Runyon,* 149 F.3d 507, 512 (6th Cir. 1998). Under the Federal Rules of Evidence, "[e]vidence is relevant ... if it has *any tendency* to make a fact more or less probable than it would be without the evidence; and ... the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). The court is not "permitted to consider the weight or sufficiency of the evidence in determining relevancy

---

[3] noting these "two distinct requirements" necessary for a showing of relevance under FRE 401 - proffered evidence must be 1) "probative of the proposition it is offered to prove" and 2) the proposition must be "one that is of consequence" to the case. Defendants have met both requirements.

12

and 'even if [it] believes the evidence is insufficient to prove the ultimate point for which it is offered, *it may not exclude the evidence if it has even the slightest probative worth.*' " *Robinson*, 149 F.3d at 512 (quoting *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992)(Emphasis added)).

Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is inadmissible "if there is a danger of *unfair* prejudice, not mere prejudice." *Robinson*, 149 F.3d at 514-15 (emphasis in original) (citing Fed. R. Evid. 403). "Virtually all evidence is prejudicial or it isn't material." *Id*. at 515 (quoting *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983). *Applewhite v. FCA US LLC*, 603 F Supp 3d 528, 531-532 (ED Mich 2022)

Quite obviously, records and testimony regarding the Mendoza criminal sexual conduct case, Plaintiff Misane's involvement with the investigation, his mishandling and loss of critical evidence and his failure to cooperate with the prosecuting attorney ultimately resulting in the acquittal of Mendoza are relevant to the reasons for termination of the Plaintiff from his employment with the City of Bangor and probative of the legitimacy of Plaintiff's allegation that his sexual harassment claim was the actual reason for his termination from the City of Bangor Police Department. Without the introduction of this critical evidence, the Defendants will have no basis upon which to establish that they made a "reasonably informed

13

and considered decision" that demonstrates an "honest belief" in the proffered reason for the adverse employment action. *Woythal, supra.*

It is Defendants' position that Misane was terminated for grossly mishandling the Mendoza investigation and then by failing to cooperate with the prosecution during the preparation of the case — not because he turned in a sexual harassment complaint. If Defendants are prevented from presenting critical evidence regarding the Plaintiff's actions and inaction associated with the Mendoza criminal sexual conduct case to the trier of fact, the jury will have no basis upon which to determine whether the Defendants' adverse employment action, the termination of Plaintiff Misane, was pretextual.

## CONCLUSION

WHEREFORE, Defendants City of Bangor and Darren Williams respectfully request that this Honorable Court DENY Plaintiff's Motion in Limine for the reasons stated.

Respectfully submitted:

GARAN LUCOW MILLER, P.C.

/s/John J. Gillooly
JOHN J. GILLOOLY (P41948)
Attorney for Defendants City of Bangor
and Mayor Williams
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501
jgillooly@garanlucow.com

Dated: April 26, 2023

5828988.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

HOTHMAN MISANE, ~~TYLER SLEEP~~ and ~~JEROL WILLIAMS~~,

    Plaintiffs,

v.

CITY OF BANGOR, ~~TOMMY SIMPSON~~, MAYOR DARREN WILLIAMS and ~~SCOTT GRAHAM~~,

    Defendants.

Case No 21-487
Judge Hala Y. Jarbou
Magistrate Judge Ray Kent

---

Jonathan R. Marko (P72450)
Caitlin E. Malhiot (P76606)
Kirstina R. Magyari (P82775)
MARKO LAW, PLLC
Attorneys for Plaintiffs
1300 Broadway Street, Fifth Floor
Detroit, MI  48226
313.777.7529 / 313.771.5785 (fax)
jon@markolaw.com
kirstie@markolaw.com
cmalhiot@markolaw.com

~~Michael S. Bogren (P34835)~~
~~Charles L. Bogren (P82824)~~
~~PLUNKETT COONEY~~
~~Attorney for Tommy Simpson~~
~~333 Bridge Street, NW, Suite 530~~
~~Grand Rapids, MI  49504~~
~~269.226.8820 / 269.382.2506 (fax)~~
~~mbogren@plunkettcooney.com~~

John J. Gillooly (P41948)
Kathleen M. Jozwiak (P79921)
GARAN LUCOW MILLER, P.C.
Attorneys for City of Bangor, Mayor Williams ~~and Scott Graham~~
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5501 / 313.259.0450 (fax)
jgillooly@garanlucow.com
kjozwiak@garanlucow.com

---

**PROOF OF SERVICE**

1

STATE OF MICHIGAN)
) ss.
COUNTY OF WAYNE )

DENA MARIE SHEALY, being first duly sworn, deposes and says that she is employed by GARAN LUCOW MILLER, P.C., and that on the 26th day of April, 2023, she served a copy of: ***Defendants' Response In Opposition To Plaintiff's Motion In Limine To Exclude Evidence Regarding The Underlying Allegations In The Mendoza Case And Brief In Support*** and ***Proof of Service*** upon:

> Caitlin E. Malhiot
> MARKO LAW, PLLC
> 1300 Broadway Street, Fifth Floor
> Detroit, MI  48226
> cmalhiot@markolaw.com

by electronic correspondence and by enclosing same in a pre-addressed, pre-stamped envelope and depositing same in the United States Mail.

/s/Cynthia M. Barjaktarovich

2