UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOTHMAN MISANE, ~~TYLER SLEEP~~ and ~~JEROL WILLIAMS~~,

    Plaintiff,

-vs-

CITY OF BANGOR, ~~TOMMY SIMPSON,~~ MAYOR DARREN WILLIAMS and ~~SCOTT GRAHAM~~,

    Defendants.

Case No. 1:21-cv-00487
Hon. Hala Y. Jarbou

JONATHAN R. MARKO (P72450)
CAITLIN E. MALHIOT (P76606)
**MARKO LAW, PLLC**
Attorney for Plaintiffs
1300 Broadway Street, Fifth Street
Detroit, MI 48226
P: (313) 777-7529 / F: (313) 771-5785
jon@markolaw.com
cait@markolaw.com

JOHN J. GILLOOLY (P41948)
KATHLEEN M. JOZWIAK (P79921)
**GARAN LUCOW MILLER, P.C.**
Attorney for Defendants
1155 Brewery Park Blvd., Suite 200
Detroit, MI 48207-2641
P: (313) 446-5501 / F: (313) 259-0450
jgillooly@garanlucow.com
kjozwiak@garanlucow.com

**PLAINTIFF'S RESPONSE TO DEFENDANTS' CITY OF BANGOR AND MAYOR DARREN WILLIAMS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF SPECIFIFC ALLEGATIONS OF SEXUAL MISCONDUCT OR HARASSMENT**

    Plaintiff, by and through his counsel, in response to Defendants' Motion in Limine to Exclude Evidence of Specific Allegations of Sexual Misconduct or Harassment, states as follows:

1

## **TABLE OF CONTENTS**

Index of Authorities....................................................................................................ii.

Statement of Relevant Facts ......................................................................................1

Argument ...................................................................................................................1

Conclusion .................................................................................................................7

# INDEX OF AUTHORITIES

**Cases**

*Garg v. Macomb Co Community Mental Health Serv,* 472 Mich 263, 273; 696 NW2d 646 (2005) .................................................................................................................... 4

*Braum v Ultimate Jetcharters, LLC*, 828 F3.3d 501, 512 (6th Cir. 2016) ....................... 5

*Booker v Brown & Williamson Tobacco Co., Inc.,* 879 F.2d 1304, 1312-13 (6th Cir. 1989) ................................................................................................................................ 5

*Yazdian v ConMed Endoscopic Techs, Inc.*, 793 F3d 634, 646 (6th Cir. 2015) .............. 5, 6

*Clarkson v Pa. State Police- Bureau of Liquor Control Enf't,* CIVIL ACTION No. 99-783, 200 U.S. Dist. LEXIS 14673, at *16 (E.D. Pa. Oct. 9, 2000) ..................... 5

*Short v Parker Hannifin Corp,* File No. 4:94-CV-999, 1995 U.S. Dist. LEXIS 11658, at *12 (W.D. Mich. July 31, 1995) ..................................................................................... 5

*Melchi v Burns Int'l Sec Servs, Inc,* 597 F. Supp. 575, 583 (E.D. Mich. 1984) ............. 5

*Old Chief v United States*, 519 U.S. 172, 189 (1997) ..................................................... 6

*Carbon Fuel Co v United Mine Workers of America,* 444 U.S. 212 (1979) ................... 6

*United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993) ....................................... 7

*United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)……………………………7

## STATEMENT OF RELEVANT FACTS

Plaintiff, Hothman Misane, began working for the City of Bangor in 2017. He began as a patrol officer and rose to the level of Chief of Police. During his employment with the City of Bangor Misane was subject to graphic sexual commentary and sexual advances from his direct supervisor, Tommy Simpson.  In March, 2021, Misane complaint about Simpson's egregious inappropriate sexual behavior and was then fired. After this Court's ruling on Defendants' Motions for Summary Judgment, the only remaining claims going to trial arise out of the retaliatory termination of Misane's employment.

Misane's claim is that Defendants fired him because of his complaint of being sexually harassed by Tommy Simpson.  The underlying facts of that harassment are essential to understanding this issue and necessary for the decisions that must be made by the jury.  Did Misane have a good-faith belief that he was being sexually harassed in violation of law?  Were Defendants motivated by Misane's complaints to fire him?  Neither of these decisions can be reached without knowing about the actual complaints made.

## ARGUMENT

A. **Evidence related to Plaintiff's dismissed claims is relevant and admissible where Plaintiff's burden of proof on his retaliation count under the Elliott-Larsen Civil Rights Act (ELCRA) requires such testimony and exhibits pursuant to MI SJI 105.01 and SHI 105.04 A**

The ELCRA Article 7 states:

Article 7

37.2701 Prohibits conduct.

Sec. 701. Two or more persons shall not conspire to, or a person shall not:

3

   a. Retaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act.
   b. Aid, abet, incite, compel, or coerce a person to engage in a violation of this act.
   c. Attempt directly or indirectly to commit an act prohibited by this act.
   d. Willfully interfere with the performance of a duty or the exercise of a power by the commission or 1 of its members or authorized representatives.
   e. Willfully obstruct or prevent a person from complying with this act, or an order issued or rule promulgated under this act.
   f. Coerce, intimidate, threaten, or interfere with a person in the exercise or enjoyment of, or on account of his or her having sided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by this act.

Michigan's Standard Jury Instruction "Retaliation M SJI 105.02 and 105.04A- Elements and Burden of Proofs" states:

M Civ JI 105.02

(2) The law also provides that a person shall not retaliate or discriminate against a person because the person has opposed a violation of the Act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under the Act.

M Civ JI 105.04A

Plaintiff has the burden of proving:
(a) that [ he / she ] [ opposed a violation of the civil rights act / made a charge, filed a complaint, or testified, assisted, or participated in an investigation, proceeding or hearing, under the Act ];
(b) that was known by the defendant;
(c) that defendant took an employment action adverse to the plaintiff; and
(d) that there was a causal connection between the protected activity and the adverse employment action.
To establish a causal connection, plaintiff must demonstrate that [ his / her ] participation in the protected activity was a significant factor in the defendant's adverse employment action.

4

> Your verdict will be for the plaintiff if the plaintiff has proved all of those elements.
> Your verdict will be for the defendant if the plaintiff has failed to prove any one of those elements.

Plaintiff can prove his case by direct or circumstantial evidence:

> To establish a prima facie claim of retaliation under the ECLRA, a plaintiff must show: "(1) that he engaged in a protected activity; (2) that this was known by the defendant; (3) that the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action."

*Garg v. Macomb Co Community Mental Health Serv,* 472 Mich 263, 273; 696 NW2d 646 (2005).

Part of this claim requires a finding that Plaintiff "held an objectively reasonable and good faith belief" that the operative conduct was unlawful, not whether the conduct was actually unlawful. *Braum v Ultimate Jetcharters, LLC*, 828 F3.3d 501, 512 (6th Cir. 2016). To put it another way in the context of this case: did Misane have a good faith belief that he was being sexually harassed by Tommy Simpson? The answer, when considering the relevant evidence, is easily "yes."

This is a well-established tenant of employment law. See *Booker v Brown & Williamson Tobacco Co., Inc.,* 879 F.2d 1304, 1312-13 (6th Cir. 1989) ("A person opposing an apparently discriminatory practice does not bear the entire risk that it is in fact lawful; he or she must only have a good faith belief that the practice is unlawful.") "[T]he issue of objective reasonableness should be decided as a matter of law only when no reasonable person could have believed that the facts known to the employee amounted to a violation or otherwise justified the employee's belief that illegal conduct was occurring." *Yazdian v*

*ConMed Endoscopic Techs, Inc.*, 793 F3d 634, 646 (6th Cir. 2015). See also, *Clarkson v Pa. State Police- Bureau of Liquor Control Enf't,* CIVIL ACTION No. 99-783, 200 U.S. Dist. LEXIS 14673, at *16 (E.D. Pa. Oct. 9, 2000) (explaining that the relevant inquiry is whether Plaintiff believed the conduct was unlawful, not whether it was actually unlawful); *Short v Parker Hannifin Corp,* File No. 4:94-CV-999, 1995 U.S. Dist. LEXIS 11658, at *12 (W.D. Mich. July 31, 1995) (applying the good faith belief standard to the ELCRA claims), *Melchi v Burns Int'l Sec Servs, Inc,* 597 F. Supp. 575, 583 (E.D. Mich. 1984) (looking at Michigan law and recognizing in the context of retaliation that "[t]he Act's protections are extended beyond the reporting of actual violations…" to encourage employees to report in good faith, regardless of whether the complained of activity was actually unlawful or not).

In addition to establishing that Plaintiff had a good-faith basis for his claim, the details of the underlying alleged harassment are necessary for the jury to fully assess Defendants' motives in firing Plaintiff. This is a retaliation claim. There is no doubt that Plaintiff was fired- the question is why. Plaintiff seeks to prove that he was fired *because* of his sexual harassment complaint. When asked to determine Defendants' true motive, it is necessary for the jury to understand the extent of the claims raised by Plaintiff so the jury can understand why Defendants may have been motivated to fire Plaintiff in an effort to quash any further inquiry. Understanding the full nature of the protected activity, which is Plaintiff's allegations of sexual harassment against Tommy Simpson, is necessary to assess Defendants' motivations.

The jury is entitled to hear the entire story. See *Old Chief v United States*, 519 U.S. 172, 189 (1997) ("People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters, and jurors asked to rest a momentous decision on the story's truth can feel put upon at being asked to take responsibility knowing that more could be said than they have heard.") The jury can be trusted to hear evidence of the entire situation and allocate damages from specific causes of action and injuries. *Carbon Fuel Co v United Mine Workers of America,* 444 U.S. 212 (1979). And the Court can trust the jury to "distinguish between damages caused by legal conduct and damages caused by illegal conduct." *Id.* At 215.

B. **What is relevant under FRE 402 as it relates to the substantive counts dismissed by the Court should be decided at trial by the Court during the dynamics of the trial as the testimony and evidence on Plaintiff's burden of proof is presented. No prejudice under FRE 403 exists where such evidence is part of Plaintiff's burden of proof and shows Defendants' motive.**

The factual basis of Plaintiff's underlying complaint is relevant under FRE 402 and 403, to show that Plaintiff complained in good faith and to show that Defendants had motive to terminate the Plaintiff after learning of the complaint. Despite this clear relevance and, in fact, necessity for any decision to be made, Defendants seek to eliminate reference to the actions that ultimately led to Plaintiff's termination.

The at-issue evidence should not be precluded under FRE 402 or 403. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Pace*, 10 F.3d 1106, 1115-16 (5th Cir. 1993) (quoting *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979)).

7

It is anticipated that hearing of Simpson's inappropriate conduct does not cast the City of Bangor in a good light. However, that's the point of this case- the City of Bangor fired Plaintiff BECAUSE of his allegations against Simpson and, by extension, the city. It is interesting that Defendants previously argued, and this Court agreed, that the conduct Plaintiff alleges against Simpson was deemed to be insufficient to create a hostile work environment, and yet Defendants now argue that it is offensive enough to unduly prejudice the jury. It is illogical that Defendants now seek to preclude this information from evidence. Regardless of Defendants' inconsistency the answer on this issue is clear. The jury is entitled to hear the factual basis for Plaintiff's complaints that are at the heart of this case and assess whether the complaints of alleged conduct were the basis for his termination.

Defendants also seek to preclude Plaintiff from introducing evidence of Amanda Karr's complaints of sexual harassment against Tommy Simpson. The fact that Amanda Karr made a sexual harassment complaint against Tommy Simpson is a necessary element of the factual basis for the case and cannot be kept from the jury. As Plaintiff testified, he and Karr discussed being sexually harassed by Simpson and Simpson told Karr of his intention to file his complaint against Simpson. ***Exhibit 1, Plaintiff's Deposition at 52.*** Plaintiff testified that he discussed Karr's complaint with Defendant Williams when he informed Williams that he planned to file his own sexual harassment complaint against Simpson. ***Id. At 110.*** It is also VERY significant that at the time Plaintiff was fired, Simpson was on leave *due to Karr's complaint against him.* ***Exhibit 2, Deposition of Defendant Williams at 29.*** Defendant Williams testified that Plaintiff was the **only**

8

employee of the City of Bangor he ever fired, as that responsibility normally fell to the city manager. *Id. At 30.* It is very significant that the decision to fire Misane, which is, again, the heart of this lawsuit, was made by someone who had never before fired someone on behalf of the city, and it's important for the jury to fully understand why.

## CONCLUSION

Defendants' Motion in Limine seeks to preclude the jury from hearing the full story and engaging in informed deliberations. For the reasons set forth above, Defendants' Motion in Limine should be denied.

Respectfully submitted,

*/s/ Caitlin E. Malhiot*
Caitlin E. Malhiot (P76606)
**MARKO LAW, PLLC**
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 777-5785
Email: cait@markolaw.com

Dated: April 27, 2023

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each attorney of record on **April 27, 2023**, via:

☐ U.S. Mail           ☐ Fax
☐ Hand Delivered      ☐ Overnight Carrier
☐ Certified Mail      ☐ Other: Mi-FILE Truefiling
☒ ECF System          ☐ Email

*/s/ Devynn M. Stepowski*
Devynn M. Stepowski

9